DANNY G. FISHER, ET AL. v. BUREAU OF INDIAN AFFAIRS, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8330SC518

(Filed 7 August 1984)

**Master and Servant § 108— unemployment compensation—"furlough" during summer—no right to compensation**

    If unemployment benefits are based on service to a secondary school and the applicant has a contract for services to the school for two successive academic years, the applicant is not eligible for unemployment benefits during the period between the two academic years, it being irrelevant whether applicant is employed by a secondary school or by the Bureau of Indian Affairs to teach in a secondary school; moreover, an applicant is not removed from this provision because he is not employed by a secondary school with regular summer vacation periods but is employed on a twelve-month basis and is furloughed for the two summer months because of budgetary restraints. G.S. 96-13(b)(2).

APPEAL by claimants from *Thornburg, Judge.* Judgment entered 3 January 1983 in Superior Court, JACKSON County. Heard in the Court of Appeals 16 March 1984.

This is an appeal from a judgment of the superior court affirming an order of the Employment Security Commission. Mr. Fisher and others filed claims for unemployment insurance benefits. They were denied benefits and an appeals referee conducted a hearing after which he affirmed the denial.

The claimant appealed to the Employment Security Commission which made findings of fact that each of the claimants is a federal employee and performs work for the Cherokee School. Due to "budgetary restraints," each of the claimants was furloughed after 21 June 1982 but was to return to work with the

Cherokee School after 16 August 1982. Cherokee School is a secondary school and each of the claimants' work "is typical school-related work, as teachers, as guidance counsellors, etc." The Employment Security Commission held that none of the claimants were entitled to any benefits during the furlough period.

The claimants appealed from the judgment of the superior court.

*Hunter, Large and Kirby, by William P. Hunter, III, for claimant appellants.*

*Kathryn S. Aldridge for appellee Employment Security Commission of North Carolina.*

WEBB, Judge.

The claimants do not challenge the findings of fact of the Employment Security Commission. They contend that it committed error in its conclusions that they were not entitled to benefits. We affirm the judgment of the superior court. G.S. 96-13(b)(2) in effect at the time this claim was filed provided in part:

"The payment of benefits to any individual based on services for secondary schools . . . shall be in the same manner . . . as apply to individuals whose benefit rights are based on other services subject to this Chapter. Except that with respect to services in instructional, research or principal administrative capacity in a secondary school . . . benefits shall be payable based on such services for any week commencing during the period between two successive academic years . . . only if the individual does not have a contract . . . to perform services in any such capacity for any secondary school for both such academic years . . . ."

As we read this statute, if unemployment benefits are based on service to a secondary school and the applicant has a contract for services to the school for two successive academic years, the applicant is not eligible for unemployment benefits during the period between the two academic years. This is what the facts are as to Danny G. Fisher and the other claimants.

The claimants point out they were not employed by a secondary school but by the Bureau of Indian Affairs. Relying on the statutory definition of a secondary school as an "employer" subject to Chapter 96, they contend that since they were not employed by a secondary school, they are not subject to G.S. 96-13(b)(2). We do not believe G.S. 96-13(b)(2) is concerned with who employs a claimant. The section contained the words "based on services for secondary schools." Although the claimants were employed by the Bureau of Indian Affairs, they served a secondary school and this placed them within the terms of G.S. 96-13(b)(2).

The claimants also argue that sections of the Employment Security Law imposing disqualifications for its benefits should be strictly construed in favor of the claimants. They contend that the "secondary school provision" of the law was intended to prevent those regularly employed by the public schools from drawing unemployment compensation during vacation periods. They argue that because they were not employed by a secondary school with regular vacation periods but were employed on a twelve-month basis and were furloughed because of budgetary restraints, the exception does not apply to them. We believe the exception applies without ambiguity to the claimants and we are bound by the statute.

Affirmed.

Judges BECTON and EAGLES concur.